UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARY A. WIDGEON                                    CIVIL ACTION

VS.                                                NO. 2:17-cv-

LIFE INSURANCE COMPANY OF NORTH AMERICA

**COMPLAINT**

The Complaint of Mary A. Widgeon respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. Plaintiff, **Mary A. Widgeon**, of lawful age and a resident of Lake Charles, Louisiana, is a plan participant and beneficiary of an ERISA plan created by her employer, Isle of Capri Casinos, Inc. and an insured participant of a group disability policy issued by Life Insurance Company of North America.

4. Defendant, Life Insurance Company of North America ("LINA"), is a foreign corporation, doing business in Louisiana. Upon information and belief, LINA is domiciled in Philadelphia, Pennsylvania, and its principal place of business is in the state of Philadelphia, Pennsylvania.

5. LINA issued a group policy, No. LK-964086, insuring the employees of Isle of Capri Casinos, Inc.. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because her medical condition precluded her from continuing to perform the duties of her job on a fulltime basis. Plaintiff suffers from severe back pain that necessitates functional limitations that prevent her from performing either her previous job or the duties of an alternative occupation that she would qualify for based on her education, training, and experience. Her pain is substantiated by her medical records including diagnostic imaging which provides an etiology of her debilitating back pain. Plaintiff also suffers from Leriche Syndrome which presents additional complications that prevents her return to work.

8. Plaintiff is disabled under the terms of the disability policy issued by LINA.

9. LINA unlawfully denied Plaintiff benefits she is entitled to under terms of the disability policy.

10. Plaintiff appealed the denial, but LINA upheld its previous decision.

11. LINA's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

12. Plaintiff has exhausted her administrative remedies and now timely files this suit to reverse LINA's denial of benefits.

13. LINA has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

14. LINA has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

15. LINA has abused its discretion by failing to consider her medical condition in relation to the actual duties of her occupation.

16. LINA administered Plaintiff's claim with an inherent and structural conflict of interest as LINA is liable to pay benefits from its own assets to Plaintiff, and each payment depletes LINA's assets.

17. LINA has failed to give the policy and Plan a uniform construction and interpretation.

18. LINA chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

19. As a routine business practice, LINA uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

20. LINA's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

21. Plaintiff has been denied the benefits due to her under the Plan, has suffered, and is continuing to suffer economic loss as a result.

22. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

23. Defendants' denial has required Plaintiff to hire attorneys to represent her in this matter to recover benefits due to her under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and

4. For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan Toledano
Willeford & Toledano
Reagan L. Toledano (La. 29687)(T.A.)
James F. Willeford (La. 13485)
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f) (313)692-5927
rtoledano@willlefordlaw.com